OPINION
Franklin J. Taylor ("appellant") appeals the March 7, 2000 judgment entry of sentence by the Lake County Court of Common Pleas, adjudicating him a sexual predator and sentencing him to a total of sixteen (16) years in prison. The instant appeal concerns only the sexual predator classification. For the following reasons, we affirm the judgment of the lower court.
On January 11, 2000, appellant was charged with four counts of gross sexual imposition, in violation of R.C. 2907.05, each a felony of the third degree. These charges evolved out of sexual encounters with his step-granddaughters who were eight and six years old at the time. On January 26, 2000, appellant entered a written plea of guilty. The trial court accepted appellant's plea. A sentencing hearing commenced on February 28, 2000, which, at the outset, included the sexual offender classification hearing.
Thereafter, on March 7, 2000, the trial court filed a judgment entry of sentence, stating clear and convincing evidence existed that appellant was a sexual predator. Appellant was sentenced to four (4) years for each count with the sentences running consecutively. On April 5, 2000, appellant filed a timely appeal, asserting the following assignment of error:
 "The finding that the defendant-appellant is a sexual predator is against the manifest weight of the evidence."
 In appellant's sole assignment of error, appellant contends the trial court erred in finding him a sexual predator because the evidence did not satisfy the clear and convincing standard. In particular, appellant asserts there was insufficient evidence demonstrating he is likely to engage in one or more sexually oriented offenses in the future. Appellant argues he has no criminal history, and the prosecutor admitted no evidence that his age worked against him. Appellant avers the victims' ages, by itself, is not dispositive of sexual predator status and there was no alcohol or drugs involved. Finally, appellant opines the diagnosis of pedophilia in the psychiatric evaluation was seriously tainted by the doctor's reference to three unsubstantiated incidents regarding past sexual conduct from which charges were never filed.
We begin with the standard for determining whether a judgment is against the manifest weight of the evidence. This court has held, upon review of the entire record, an appellate court must weigh the evidence and all reasonable inferences from it, consider the credibility of the witnesses, and determine whether in resolving the conflicts, the trier of fact clearly lost its way and created a manifest miscarriage of justice.State v. Randall (2000), 141 Ohio App.3d 160, 165, citing State v.Thompkins (1997), 78 Ohio St.3d 380, 387.
R.C. 2950.01(E) defines a "sexual predator" as a person who: (1) has been convicted of or pled guilty to committing a sexually oriented offense, and (2) is likely to engage in the future in one or more sexually oriented offenses (recidivism prong). The determination that an offender is a sexual predator must be supported by clear and convincing evidence. R.C. 2950.09(C)(2)(b); see, also, State v. King (Dec. 29, 2000), Geauga App. No. 99-G-2237, unreported, 2000 Ohio App. LEXIS 6191, at 4. Clear and convincing evidence is that which establishes in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be proven. Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. The clear and convincing standard has been defined as that measure of proof that is more than a preponderance of the evidence, but less than beyond a reasonable doubt of the evidence. Cincinnati Bar Assn. v. Massengale (1991), 58 Ohio St.3d 121,122.
In the instant case, as to the first prong, appellant pleaded guilty to four counts of gross sexual imposition. As such, it is undisputed that appellant met the first prong of the definition of a sexual predator.
In making the determination as to the second prong of the definition of a sexual predator (the recidivism prong), R.C. 2950.09(B)(2) provides the trial court must consider all relevant factors including, but not limited to, all of the following:
 "(a) The offender's age; (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed; (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims; (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (g) Any mental illness or mental disability of the offender; (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's conduct."
 Although a trial court must consider the relevant factors above, a trial court has discretion in determining what weight, if any, will be assigned to each relevant factor. State v. Thompson (2001), 92 Ohio St.3d 584, syllabus; see, also, King, supra, at 7. A trial court is not required to find the existence of a majority of the factors set out above before it can determine that an offender is a sexual predator. Rather, a trial court may find an offender to be a sexual predator even if only one or two of the statutory factors exist. Randall, supra; King, supra. Nonetheless, the totality of the relevant circumstances must provide by clear and convincing evidence that the offender is likely to commit a future sexually oriented offense. Id.
In the case sub judice, as to the second prong, in finding clear and convincing evidence that appellant was a sexual predator, the judgment entry of sentence states the court considered the presentence report, the psychiatric evaluation, the testimony, if any, along with the factors of R.C. 2950.09(B)(2). Specifically, the judgment entry of sentence states that appellant was fifty-one (51) years of age at the time of the offense, the victims were six (6) and eight (8) years of age, there were multiple victims, and appellant displayed cruelty or made one or more threats of cruelty in the context of a grandparent/grandchild relationship with each victim.
Upon review of the transcript of the sexual offender classification hearing, the trial court stated it was not considering the portion of the psychological evaluation that referenced unsubstantiated allegations of appellant's past sexual conduct with children or the classification of pedophilia.[1] The trial court indicated it was only considering the instant guilty plea, involving appellant's six and eight year old step-granddaughters. The trial court stated there was sufficient evidence to make the determination based upon what the two victims and appellant told Dr. Fabian. In pointing out the relevant factors of R.C.2950.09(B)(2), the trial court stated appellant, age fifty-one, knew the victims' ages and the familial relationship. The court added there were numerous sexual offenses with the two victims, and when appellant told children of ages six and eight that this is a "secret" between us, this can be considered a form of threat. Further, the trial court referenced the incident where appellant locked the door with a knife to prevent exit or entrance while he sexually abused one of the victims. Clearly, the trial court considered the relevant factors of R.C. 2950.09(B)(2) and placed great emphasis on at least four of them. The trial court concluded the totality of the relevant circumstances provided clear and convincing evidence that appellant was likely to sexually reoffend.
Upon our review of the record, even disregarding the pedophilia diagnosis and the alleged prior sexual encounters with other children, as the trial court did, there exists sufficient evidence based solely upon the instant charges involving appellant's step-granddaughters. There exists clear and convincing evidence that several of the factors in R.C.2950.09(B)(2) apply to appellant.
Specifically, according to the presentence report, the sexual imposition occurred at least five times for each victim over approximately a one year period. The presentence report also stated appellant had no dispute with the official version of the offenses and accepted responsibility. Additionally, during appellant's presentence interview, appellant described his actions as "a weak moment" without explanation.
Furthermore, in the psychological evaluation, the older victim described the incidents of sexual abuse when she stayed at appellant's house. The older victim indicated the sexual abuse would usually occur at night when they went to sleep in appellant's bed with him sleeping between them. On one occasion, she stated, while appellant was undressed and laying on top of her, she asked him to stop, but he did not. She revealed the touching began when she was seven years old and in the second grade, and appellant would tell her to keep it a secret. Finally, she stated appellant would try to make her see his penis and would wear shorts with holes in order for his penis to hang out. Appellant acknowledged the older victim sexually aroused him.
As to the younger victim's description of the incidents of sexual abuse, she stated, on one occasion, appellant took off her underwear and touched her private area with his penis, and, on other occasions, he would touch her private area underneath her underwear while they went to sleep. The younger victim indicated she heard the older victim saying "stop" on some occasions, but did not see anything because she was pretending to be asleep. She further stated the sexual incidents would occur every time they slept over their grandfather's house with the last incident occurring when she was in first grade. She indicated appellant asked her not to tell anyone because it was their secret. Finally, she related that, on one occasion, she tried to get away, but appellant grabbed her and pushed her on the bed. During this incident, she stated appellant kept the older victim out of the room by wedging a knife in the door because there was no lock.
Additionally, the psychological evaluation indicated the Carlson Psychological Survey revealed that appellant's judgment was poor and that he needed guidance in order to control impulses. Also, appellant was rated via the MnSOST-R in which he qualified for some "items," including his use of force or threat of force to achieve compliance in sexual offenses, his multiple acts on a single victim within a single contact event, the different age groups of the victims, and his significant history of unemployment. Appellant's score indicated a moderate risk of sexual offender recidivism in which forty-five percent of offenders scoring similarly sexually reoffended upon release from prison.
As demonstrated above, in weighing the evidence and all reasonable inferences, the trial court did not lose its way and create a manifest miscarriage of justice. There was an established pattern of sexual abuse involving the two victims. The sexual abuse occurred on numerous occasions and progressively worsened as time passed. The victims were in first and second grade while appellant was a fifty-one year old adult. Appellant displayed cruelty by sexually abusing two family members. The incident, involving the knife that was placed in the door to prevent the older victim from entering while appellant sexually abused the younger victim, also demonstrates cruelty. Clearly, the trial court's adjudication of appellant as a sexual predator is not against the manifest weight of the evidence.
For the foregoing reasons, appellant's sole assignment of error is without merit.
The judgment of the Lake County Court of Common Pleas is affirmed.
JUDGE DIANE V. GRENDELL, CHRISTLEY, P.J., NADER, J., concur.
[1] The psychological evaluation included allegations from appellant's ex-wife who stated that during their marriage, a woman called her and told her that appellant molested her when she was five or six years old. Appellant's ex-wife further stated the woman indicated the molestation began when appellant was eleven or twelve and lasted until appellant went to the service at age seventeen or eighteen. The psychological evaluation also stated that appellant's non-biological son alleged that appellant, on one occasion, sexually abused him when he was seven years old. Finally, the psychological evaluation stated the Kirkland Police Department reports indicated appellant also molested another female child, the daughter of appellant's son; however, there were no formal charges.